﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 200406-77349
DATE: February 26, 2021

ORDER

Entitlement to an evaluation of 30 percent for posttraumatic stress disorder (PTSD) prior to January 7, 2020, is denied.

FINDINGS OF FACT

1. The Veteran did not appeal a November 2016 rating decision assigning a 0 percent disability rating for his PTSD. 

2. The Veteran’s claim for an increased rating for PTSD was received on January 7, 2020. 

3. An increase in the Veteran’s PTSD disability was not factually ascertainable during the year preceding his January 2020 increased rating claim.

CONCLUSION OF LAW

The criteria for an evaluation of 30 percent for PTSD prior to January 7, 2020, have not been met. 38 U.S.C. §§ 1155, 5107, 5110, 7105; 38 C.F.R. § 3.400, Part 4, including §§ 4.1, 4.2, 4.7, 4.10, 4.130, Diagnostic Code 9411. 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

Evaluation of 30 percent for PTSD prior to January 7, 2020, is denied.

The Veteran had active service from October 2013 to February 2014 and from June 2014 to May 2015. In June 2016 he sought service connection for multiple disorders, including PTSD. In a November 2016 rating decision, a Department of Veterans Affairs (VA) Regional Office (RO) granted service connection, effective June 21, 2016, for his PTSD. The RO assigned a disability rating of 0 percent.

On January 7, 2020, the RO received the Veteran’s claim for an increased rating for his PTSD. In a March 2020 rating decision, the RO granted a 30 percent rating, effective January 7, 2020. In April 2020 the Veteran filed a notice of disagreement (NOD), appealing that decision to the Board of Veterans’ Appeals (Board). He selected for his Board review the option of Direct Review by a Veterans Law Judge. The Board will consider the evidence of record at the time of the March 2020 rating decision.

In his April 2020 NOD, the Veteran stated that the effects of his PTSD were the same before January 7, 2020, as they were from January 7, 2020, forward. Therefore, he contended, the 30 percent rating in effect from January 7, 2020, should apply retroactively, and he should receive back pay at the 30 percent rate for the period from June 21, 2016, though January 6, 2020.

VA assigns disability ratings by evaluating the extent to which a veteran’s service-connected disability adversely affects his ability to function under the ordinary conditions of daily life, including employment, by comparing his symptomatology with the criteria set forth in the VA Schedule for Rating Disabilities. 38 U.S.C. § 1155; 38 C.F.R. Part 4, including §§ 4.1, 4.2, 4.10. In determining the current level of impairment, the disability must be considered in the context of the whole recorded history, including service medical records. 38 C.F.R. § 4.2. If two disability ratings are potentially applicable, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

The United States Court of Appeals for Veterans Claims (Court) has indicated that the Board must assess the credibility and weight of all the evidence, including the medical evidence, to determine its probative value, accounting for evidence which it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the claimant. See Masors v. Derwinski, 2 Vet. App. 181 (1992); Wilson v. Derwinski, 2 Vet. App. 614, 618 (1992); Hatlestad v. Derwinski, 1 Vet. App. 164 (1991); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Equal weight is not accorded to each piece of evidence contained in the record; every item of evidence does not have the same probative value. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a claim, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107. To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54. 

Under then-applicable law, when the RO issued the November 2016 rating decision assigning a 0 percent rating for the Veteran’s PTSD, the Veteran had one year to initiate an appeal of that rating by filing an NOD. See 38 U.S.C. § 7105. If no NOD was filed within a year, the rating decision would become final. 38 U.S.C. § 7105(c). The Veteran did not file an NOD with the 0 percent rating within a year after the November 2016 decision. The 0 percent rating therefore became final.

The Veteran’s January 2020 claim was for an increased rating for his PTSD. In the March 2020 rating decision, the RO granted increase of the rating to 30 percent, effective January 7, 2020. In his April 2020 NOD, the Veteran wrote that his impairment due to PTSD has not changed since June 21, 2016. He asked for back pay, from June 21, 2016, forward, at the 30 percent rate. Through those contentions he appealed for the 30 percent rating to be effective earlier, including as early as June 21, 2016.

VA regulations provide that the effective date of an evaluation and award of pension, compensation, or dependency and indemnity compensation based on an original claim, a claim reopened after a final disallowance, or a claim for increase will be the date of receipt of the claim or the date or the date entitlement arose, whichever is the later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. However, an increased rating may be awarded up to one year prior to receipt of the claim if the evidence shows an increase in disability was factually ascertainable during that period. 38 C.F.R. § 5110(b)(2); 38 C.F.R. § 3.400(o)(2). 

Under the law regarding effective dates for rating increases, any increased rating granted based on the Veteran’s January 2020 claim cannot be effective from June 21, 2016. An increased rating could be awarded up to a year before January 7, 2020, if the evidence shows an increase in disability was factually ascertainable during that period.

The rating schedule provides at 38 C.F.R. § 4.130 a General Rating Formula for Mental Disorders, including PTSD. Under that formula, a 30 percent rating is assigned for occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal), due to such symptoms as: depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, mild memory loss (such as forgetting names, directions, recent events).

On VA examination in October 2016, a VA clinician diagnosed the Veteran’s PTSD. The Veteran had VA mental health treatment visits in November and December 2016. Notes from VA primary care in January 2017 reflect the current prescription of medications to address mood, anxiety, and insomnia. In a February 2017 telephone contact with a mental health clinician, the Veteran indicated that things were going all right, and that he was in a less stressful environment. He did not report any suicidal or homicidal ideation. In primary care in June 2018, the clinician observed that the Veteran was calm and cooperative.

VA primary care notes from January 7, 2020, reflect the Veteran’s report of PTSD. The Veteran indicated that he had no acute issues due to his PTSD. He stated, however, that he planned to reestablish VA mental health treatment. On screening, his responses to four out of six questions were positive for PTSD symptoms.

The Veteran has not stated that his PTSD worsened between January 2019 and January 2020. To the contrary, he asserted in 2020 that the condition was the same from 2016 through 2020. His VA treatment records do not reflect treatment between January 2019 and January 2020. There is no contemporaneous information about the effects of his PTSD during that year. The evidence does not show that an increase in his disability due to PTSD was factually ascertainable during that period. There is no basis to award an increased rating effective during the year preceding the January 2020 claim.

In summary, as the Veteran did not appeal the initial rating for his PTSD, as he did not seek an increased rating until January 7, 2020, and as the evidence does not show an increase in disability during the year preceding the increased rating claim, the Board denies a 30 percent rating prior to January 7, 2020.

 

 

K. PARAKKAL

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Kunz

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.